```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**ANDREW M. HELLMERS, DONNA**                          CIVIL ACTION
**HELLMERS, and**
**DESIREE B. MARTIN** *on Behalf of*
*Themselves and All Others Similarly*
*Situated*

**VERSUS**                                             **NO. 07-7703**

**COUNTRYWIDE HOME LOANS, INC.**                       SECTION "I" (1)

## ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiffs.[1] Defendant is Countrywide Home Loans, Inc., ("Countrywide"). For the following reasons, plaintiffs' motion to remand is **DENIED**.

### *BACKGROUND*

On August 31, 2007, plaintiffs, Andrew M. Hellmers, Donna Hellmers, and Desiree B. Martin, on behalf of themselves and others similarly situated, filed a putative class action against Countrywide in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, asserting state-law causes of action for fraud, vitiated consent based on duress, and unjust enrichment.[2] On October 31, 2007, Countrywide removed the above-

---

[1] Rec. Doc. No. 7.

[2] Rec. Doc. No. 1-2. Plaintiffs allege that they, and all putative class members, are residential property owners in Louisiana who had mortgage loans either owned or serviced by Countrywide. *Id.*, p. 1, para. 3. Plaintiffs assert that, in the wake of Hurricanes Katrina and Rita, Countrywide represented to all class members that Countrywide would defer each class member's mortgage payments until the end of each class member's original term and that the deferment would not result in increased liability, expense or

captioned matter to federal court pursuant to 28 U.S.C.A. §§ 1332(a) and 1441.[3]

On November 28, 2007, plaintiffs filed this motion to remand the above-captioned matter to state court.[4] Plaintiffs argue that, in light of the fact that Countrywide's removal of this case is based upon class allegations, Countrywide may not remove this case pursuant to Section 1332(a), but instead must satisfy the jurisdictional requirements set forth in Section 1332(d)(2), otherwise known as the Class Action Fairness Act ("CAFA").[5] Plaintiffs argue that Countrywide fails to establish that the amount in controversy in this case exceeds CAFA's jurisdictional requirement of $5,000,000.00[6] and, therefore, the above-captioned matter should be remanded to state court.

### LAW AND ANALYSIS

---

penalties to the class members. *Id*. para. 5. Plaintiffs assert that, contrary to Countrywide's promise, Countrywide began demanding immediate payment of the full amounts of the deferred payments, requiring those class members who were unable to pay to enter into "work-out" agreements, and advising class members to seek loan modifications that economically penalized those class members that accepted Countrywide's deferral offer. *Id*. para. 7.

[3] Rec. Doc. No. 1. Countrywide alleges that there is complete diversity of citizenship between plaintiffs and Countrywide. *Id*. at p. 3, paras. 7-8. Countrywide also alleges that, when the damages sought by plaintiffs are combined with plaintiffs claims for attorney's fees, the amount in controversy with respect to each plaintiff's claim exceeds $75,000.00, exclusive of interest and costs. *Id*. at p. 5, para. 14. Countrywide represents that Countrywide is investigating whether, in addition to removal pursuant to 28 U.S.C.A. § 1332(a), removal is appropriate pursuant to 28 U.S.C.A. § 1332(d)(2). *Id*. p. 6.

[4] Rec. Doc. No. 7.

[5] Rec. Doc. No. 11.

[6] *See* 28 U.S.C.A. § 1332(d)(2).

A defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441 (a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Statutes conferring removal jurisdiction are strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

**I.   *DISCUSSION***

Recent opinions from the Eastern District of Louisiana clearly establish that a defendant may rely upon class allegations in order to establish federal jurisdiction pursuant to Section 1332(a).[7] *See Salvant v. Murphy Oil USA, Inc.*, 2007 WL 854262 (E.D. La. Mar. 16, 2007) (Fallon J.); *Harvey v. Mosaic Fertilizer, L.L.C.*, 2007 WL 861183 (E.D. La. Mar. 19, 2007) (Lemmon J.). As such, this Court need only determine whether Countrywide has satisfied its burden of establishing federal jurisdiction pursuant to Section 1332(a).

Neither party disputes that complete diversity of citizenship

---

[7] Plaintiffs offer no genuine authority for the proposition that removing defendants relying upon class allegations may only establish federal jurisdiction by satisfying the requirements set forth in Section 1332(d)(2). "[N]othing in the text of Section 1332(d) purports to supplant or restrict the traditional diversity jurisdiction under Section 1332(a)." *See Steel City Group v. Global Online Direct, Inc.*, 2006 WL 3484318, at *1 (W.D. Pa. Nov. 30, 2006).

exists between plaintiffs, as class representatives, and Countrywide.[8]  Therefore, the only issue left to be determined is whether the claim of at least one named plaintiff is likely to exceed $75,000.00, exclusive of interest and cost.  *See, e.g., Harvey*, 2007 WL 861183, at *2.

Considering the possibility that plaintiffs may recover attorney's fees in addition to any award of damages,[9] the Court finds that the amount in controversy in any one plaintiff's claims likely exceeds $75,000.00.[10]  *See, e.g., Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F. 3d 864, 866 (5th Cir. 2002); *Harvey*, 2007 WL 861183 At *2; *Salvant*, 2007 WL 854262 at *3 (quoting *Grant*, 309 F. 3d at 866)).  Countrywide has satisfied the jurisdictional requirements set forth in 28 U.S.C.A. § 1332(a).[11]

---

[8] Only the citizenship of the named class representatives is considered when determining whether complete diversity exists.  *See Carden v. Arkoma Assoc.*, 434 U.S. 185, 199-200, 100 S. Ct. 1015, 1023, 108 L. Ed. 2d 157 (1990); *see also In re Train Derailment Near Amite Louisiana*, 2006 WL 1561470, at *13 (E.D. La. May 24, 2006) (Zainey J.).

[9] "All awardable attorney's fees in a class action are attributed to the class representatives to the exclusion of other members of the class." *Harvey*, 2007 WL 861183, at *1 (citing *Grant*, 309 F. 3d at 866).  "'[C]alculation of the anticipated recovery of the class representatives – the only one that matters for purposes of § 1332 – must include those potential attorney's fees in addition to damages.'"  *Id*. (quoting *Grant*, 309 F. 3d at 873).

[10] "When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim."  *See Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 559, 125 S. Ct. 2611, 2621, 162 L. Ed. 2d (2005).  "Once the court determines that it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in the action."  *Id; See, e.g.*, *Salvant*, 2007 WL 854262, at *3 (exercising supplemental jurisdiction pursuant to the rule espoused in *Exxon*).

[11] In light of the fact that jurisdiction exists pursuant to Section 1332(a), the Court need not address whether jurisdiction *also* exists pursuant to Section 1332(d)(2).  *See, e.g., Harvey*, 2007 WL 861183 at *1, n. 1; *Salvant*, 2007 WL 854262, at *3, n. 3.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **DENIED**.

New Orleans, Louisiana, January __21st__, 2008.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**